Receipt #061410



# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ESTATE OF PEARL WELCH, Deceased,  )
by JEFFREY A. WELCH, Personal      )
Representative/ Executor,          )
PAUL & JOANN SPEARS,               )
CHARLES & ANITA KARR,              )
SHIRLEY SEIL,                      )
WINLOCK PICKERING, AND             )
ROBERT C. FOLKMAN,                 )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )
                                   )
THE UNITED STATES OF AMERICA,      )
                                   )
          Defendant.               )

No. 04 - 1471 L

## COMPLAINT

### THE PARTIES

1.   The Estate of Pearl Welch owns property in the Town of Sammamish, King

County, in Washington State.  Jeffrey A. Welch, is Personal Representative and

Executor for the Estate of Pearl Welch.  The Welch Estate claims an interest in real

property which has been taken by the United States.

2.   Plaintiffs Paul and JoAnn Spears are husband and wife, and they own property in

the Town of Sammamish, King County, in Washington State.  The Spearses claim

an interest in real property which has been taken by the United States.

3.      Plaintiffs Charles and Anita Karr are husband and wife, and they own property in

the Town of Sammamish, King County, in Washington State.  The Karrs claim an

interest in real property which has been taken by the United States.

4.      Plaintiff Shirley Seil, owns property in the Town of Sammamish, King County, in

Washington State.  Ms. Seil claims an interest in real property which has been

taken by the United States.

5.      Plaintiff Winlock Pickering, owns property in the Town of Sammamish, King

County, in Washington State.  Mr. Pickering claims an interest in real property

which has been taken by the United States.

6.      Plaintiff Robert C. Folkman, owns property in the Town of Sammamish, King

County, in Washington State.  Mr. Folkman claims an interest in real property

which has been taken by the United States.

7.      When mentioned collectively, the Welch Estate, the Spearses, Karrs, Ms. Seil, Mr.

Pickering, and Mr. Folkman will be referred to as "Plaintiffs" herein.

**JURISDICTION**

8.  This Court has jurisdiction in this action pursuant to 28 U.S.C., §1491(a)(1), in that this action presents a claim against the United States which is founded upon the Fifth Amendment to the Constitution of the United States.

**STATUTES FOR PAYMENT**

9.  For damages: Tucker Act, 28 U.S.C., §1491(a)(1) (2004).

10. For reimbursement of fees and expenses incurred: Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4654(c) (2004).

**FACTS**

11. The Welch Estate owns property on Lake Sammamish in Sammamish, Washington.  The property is located in Section 8, Township 24 North, Range 6 East, in King County.  The Welch property was purchased in 1962.

12. The Spearses own property on Lake Sammamish in Sammamish, Washington.  The property is located in Section 8, Township 24 North, Range 6 East, in King County.  The Spearses bought the Sammamish property in 1994.

13. The Karrs own property on Lake Sammamish in Sammamish, Washington.  The property is located in Section 8, Township 24 North, Range 6 East, in King County.  The Karrs bought the Sammamish property in 1952.

14. Ms. Seil owns property on Lake Sammamish in Sammamish, Washington.  The

property is located in Section 8, Township 24 North, Range 6 East, in King

County.  Ms. Seil bought the Sammamish property in the 1960's.

15.     Mr. Pickering owns property on Lake Sammamish in Sammamish, Washington.

The property is located in Section 8, Township 24 North, Range 6 East, in King

County.  Mr. Pickering bought the Sammamish property in the mid-1980's.

16.     Mr. Folkman owns property on Lake Sammamish in Sammamish, Washington.

The property is located in Section 8, Township 24 North, Range 6 East, in King

County.  Mr. Folkman bought the Sammamish property in 1985.

17.     At the time the Plaintiffs purchased their properties, the properties were burdened

by a right of way easement for railroad purposes.

18.     The railroad right of way was originally acquired by the railroad company on the

Plaintiffs' properties in the 1880's by means of prescriptive easement.

19.     This railroad right of way eventually became the subject of a petition for

exemption from abandonment to the Surface Transportation Board ("STB") by the

operating railroad company.

20.     On September 18, 1998, the STB served a "Decision and Notice of Interim Trail

Use or Abandonment" ("NITU"), which set the stage for the conversion of the

former railroad right of way into recreational trail use pursuant to the National

Trail System Act, 16 U.S.C. § 1427(d).

21.   The United States has neither instituted any condemnation proceeding against the Plaintiffs nor has it offered to pay the Plaintiffs for their properties which it has taken.

## CLAIM FOR RELIEF

22.   Plaintiffs incorporate by reference paragraphs 1-21 of this complaint.

23.   The STB's NITU, issued pursuant to 16 U.S.C. § 1427(d), has resulted in the imposition of a recreational trail on the Plaintiffs' properties.

24.   This conversion of the former railroad right of way into recreational trail use has deprived the Plaintiffs of their right to the use, possession, control, and enjoyment of their land that they otherwise would have had but for the NITU.

25.   As such, this federal action has resulted in a taking of the Plaintiffs' properties for which they are entitled to just compensation under the Fifth Amendment to the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs request a judgment in favor of the Plaintiffs for the following:

1.   Damages in an amount to be awarded by the Court for the taking of the Plaintiffs' properties,

2.   Interest to be assessed on the award of damages, compounded from the date of

taking until the judgment is paid,

3.      Reimbursement of all reasonable costs, disbursements, and expenses, including

        reasonable attorney, appraisal, and engineering fees, and

4.      Such further relief as may be appropriate.


        Respectfully submitted this 16th day of September, 2004.



                                ACKERSON KAUFFMAN FEX, PC



                                Cecilia Fex
                                1666 K Street, NW, Suite 1010
                                Washington, DC 200006
                                Office:        202-833-8833
                                Facsimile:     202-833-8831

                                Attorney of Record for the Plaintiffs